UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ALI C. ARANA,

       Plaintiff,

v.                                  Case No: 6:17-cv-451-Orl-31TBS

MOBILEONE RESTORATION, LLC and
RAFAEL MATOS,

       Defendants.

_____

## ORDER

Pending before the Court is Defendants' Motion for Entry of Default Judgment

against Plaintiff (Doc. 29). Defendant/Counter-Plaintiff seeks entry of a "default judgment"

pursuant to Rule 55, FED. R. CIV. P., on its amended counterclaim, noting that the Court

directed Plaintiff to respond to the amended counterclaim by August 4, 2017 (Doc. 25),

and he has not done so. Contending that Plaintiff is "blatantly ignoring the directives of

the Court," Defendants also argue that a default judgment is the "only recourse." (Doc. 29

at 3). Plaintiff has filed an Opposition and Motion for Leave to File Answer (Doc. 30).

Upon review, the motion for entry of default is **DENIED** and the motion for leave to file

Answer is **GRANTED.**

It is not clear if Defendants are seeking entry of default judgment for failing to

follow the federal rules requiring answering a claim or is seeking imposition of a judgment

as sanction. Assuming the former, the law in this circuit is clear:

> Under Rule 55 of the Federal Rules of Civil Procedure, there
> is "a two-step procedure for obtaining a default judgment."
> Deforest v. Johnny Chisholm Global Events, LLC, No. 3:08-cv-
> 498, 2010 WL 1792094, *7 (N.D.Fla. May 4, 2010); see also
> Fed. R. Civ. P. 55(a), (b). First, the clerk must enter a party's

default "[w]hen a party against whom a judgment for
affirmative relief is sought has failed to plead or otherwise
defend, and that failure is shown by affidavit or otherwise."
Fed. R. Civ. P. 55(a). Second, after a default is entered, the
party must then apply to the court for a default judgment. See
Fed. R. Civ. P. 55(b). As a result, "the clerk's entry of default
must precede an application" for default judgment. Deforest,
2010 WL 1792094 at *7 (citing Fairman v. Hurley, 373
F.Supp.2d 227, 231 (W.D.N.Y.2005)); Travelers Cas. & Surety
Co. of Am., Inc. v. E. Beach Dev., LLC, Civil Action No. 07-
0347-WS-B, 2007 WL 4097440, *1 (S.D. Ala. Nov. 14, 2007)
("The point is that a clerk's entry of default must precede an
application to the district court for entry of default judgment.").

Frazier v. Absolute Collection Service, Inc., 767 F.Supp.2d 1354, 1360 (N.D. Ga. 2011).

See also 10A Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE

§ 2682 (3d ed. 1998) ("Prior to obtaining a default judgment under either Rule 55(b)(1) or

Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)"). Once a

default has been entered, the plaintiff may move for default judgment pursuant to Rule

55(b). Doe v. Clifford Fort Myers, LLC, No. 2:07-cv-334-FtM-34SPC, 2008 WL 1776897,

*1 (M.D. Fla. Apr. 16, 2008). "The law is clear that these two separate steps cannot be

combined into one.... Rather, the clerk's entry of default must precede an application to

the district court for entry of default judgment." Bardfield v. Chisholm Properties Circuit

Events, LLC, No. 3:09-cv-232-MCR-EMT, 2010 WL 2278461, *6 (N.D. Fla. May 4, 2010).

Here, as there has been no entry of clerk's default, the motion for entry of default

judgment is premature.

    If judgment is sought as a sanction, then the law is equally clear: the decision to

enter a default judgment ought to be the last resort–ordered only if noncompliance is due

to willful or bad faith disregard of court orders. Adolph Coors Co. v. Movement Against

Racism & the Klan, 777 F.2d 1538, 1542 (11th Cir. 1985). While the Court does not

condone Plaintiff's failure to file his answer by the court imposed deadline, there is no

basis for finding willful or bad faith disregard on this record. As set forth in the motion for leave to file the belated answer, Plaintiff's counsel claims this was an oversight due to excusable neglect.

Further, even if the Court were to find entry of default to be appropriate, Defendants present no basis to formulate a judgment. "[W]hile a defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact, he is not held to admit facts that are not well-pleaded or to admit conclusions of law." Cotton v. Mass. Mut. Life Ins. Co., 402 F.3d 1267, 1278 (11th Cir. 2005) (alteration omitted) (quotation marks omitted). Entry of default judgment is only warranted when there is "a sufficient basis in the pleadings for the judgment entered." Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir.1975). "In considering any default judgment, the Court must consider (1) jurisdiction, (2) liability, and (3) damages." Johnson v. Rammage, No. 5:06-CV-057, 2007 WL 2276847, at *1 (M.D. Ga. Aug. 7, 2007) (citing Pitts v. Seneca Sports, Inc., 321 F. Supp. 2d 1353 (S.D. Ga. 2004)). Here, Defendants do not discuss the issues of liability or damages at all, and provide no proof or argument regarding the amount of damages it seeks. Now, the motion for entry of default is **DENIED**.

Absent any prejudice and in view of Defendants' expressed preference for the case to be decided on its merits (Doc. 29 at 3), Plaintiff's motion for leave to file answer to counterclaim is **GRANTED. Plaintiff is directed to refile his answer as a separate docket entry.**

**DONE** and **ORDERED** in Orlando, Florida on August 10, 2017.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record